IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                    Case No: 11CR133BBC

v.

THOMAS R. VALLEY,

                Defendant.

---

**BRIEF IN SUPPORT OF MOTION TO SUPPRESS WARRANT**

---

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularity describing the place to be searched, and the person or things seized." U.S. Const. Amend.IV.. Probable Cause is established if there is a fair probability that contraband or evidence of a crime will be found in a particular place. Illinois v. Gates, 462 U.S. 213,235 (1983)

The Fourth Amendment requires all warrants to "particularly describ[e]" the place to be searched and the...things to be seized." U.S. Const. Amend. IV. Thus the particularity requirement prohibits general warrants. "General warrants violate the Fourth Amendment because they essential authorize "a general exploratory rummaging in a person's belongings". Coolidge v New Hampshire,403,467 (1971).

Facts supporting the warrant is lacking significancy as to how agent Vandenberg locked on to the IP address of Valley.  Specifically lacking in the warrant is information the judge would need to make a impartial decision such as;

1.  Did agent Vandenberg conduct the investigation himself, or was he provided information from others,

2.  How did they come by Kay Valley's IP address,

3.  What software was used during the course of agent's Vandenberg's investigation?  (He mentions other software besides limewire, but fails to go into any type of particularity as to what type of software is used.)

4.  What, if any file lead initially to the investigation of the computer's in Valley's residence?

5.  Did this entire investigation start with one file, and if so which one?

6.  The delay between the end of the investigation and the search warrant almost a year.  Was the delay between the file download and the date of the investigation have to do with the "automated process" to identify, download and log the computers on the peer to peer network?

7.  The delay is excessive, and thus the warrant probably cause is stale.  It is highly suspect to believe that people do not know how to "wipe their computers of files".  To give a throw-away-line that the reason was because of case backlog does not mean that Valley's 4th Amendment rights are extinguished.

The warrant, and the affidavit must fail; it is overbroad, lacks particularity, and the facts are stale.

See United States v. Higgins, 428 F.2d 232 (7th Cir. 1970), Maryland v. Garrison, 480 U.S. 79 (1987). (The Court should consider if the information is stale and the information being sought is still available.  U.S. v. McNeese, 901 F.2d 585, 596-597, 7th Cir. (1990)

Since Valley contends that the warrant and the underlying affidavit is defective, the officers could not have reasonably relied upon the warrant and thus the material seized cannot fall under the protection of the good faith exception to the exclusionary rule.  U.S. v. Leon, 468 U.S. 897. 914 (1984)

CONCLUSION

Given the totality of circumstances, and the inadequate information in the affidavit, and the staleness of the probable cause, all evidence discovered to the search warrant should be suppressed.

Dated this 28th day of March, 2013

  s/                                   
Gregory N. Dutch
Attorney for Thomas Valley
119 Martin Luther King Jr. Blvd. Suite 202,
Madison, WI 53703
608-661-5100
E-Mail gnd@mydlaw.com