

**U.S. Department of Justice**

*John W. Vaudreuil*
*United States Attorney*
*Western District of Wisconsin*

Telephone 608/264-5158
TTY 608/264-5006
Main Facsimile 608/264-5172
Criminal Division Facsimile 608/264-5054
Civil Division Facsimile 608/264-5724
Administrative Facsimile 608/264-5183

Address:
Suite 303, City Station
660 West Washington Avenue
Madison, Wisconsin 53703-4703

April 12, 2013

Attorney Gregory N. Dutch
Law Offices of Gregory N. Dutch
P.O. Box 2207
Madison, WI 53701-2207

      Re:    *United States v. Thomas Valley*
               Case No. 11-cr-133-bbc

Dear Attorney Dutch:

      This is the proposed plea agreement between the defendant and the United States in this case.

      1.    The defendant agrees to waive indictment and plead guilty to Counts one and two of the information filed by the United States Attorney's Office. Each count charges a violation of 18 U.S.C. § 2252(a)(2), which carries a mandatory minimum penalty of five years in prison and maximum penalties of 20 years in prison, a $250,000 fine, a period of supervised release for life, a $100 special assessment, and the entry of an appropriate restitution order. If the defendant has a prior conviction as described in 18 U.S.C. § 2252(b)(1), the penalties related to prison time increase to a mandatory minimum penalty of 15 years in prison and a maximum penalty of 40 years in prison. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional term of imprisonment pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing. The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

      2.    The defendant acknowledges, by pleading guilty, that he is giving up the following rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel--and if necessary have the Court appoint counsel--at trial

April 12, 2013
Page 2

and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

      3.     The defendant has filed motions to suppress in this case, docketed as R. 51 and 52. As of this date, briefing has not been completed and the magistrate judge has not yet made a recommendation. If the Court ultimately denies these motions, subject to the Court's consent, the United States consents, pursuant to Rule 11(a)(2), Federal Rules of Criminal Procedure, to the defendant pleading guilty conditionally, reserving the right to have the Court of Appeals review an adverse determination of his motion. If the Court ultimately grants the defendant's motion, the United States agrees that he may then withdraw his plea. In addition, consistent with Rule 11(a)(2), if the defendant prevails on appeal, he may also then withdraw this plea.

      4.     The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report. The United States also agrees to move to dismiss the remaining counts of the indictment at the time of sentencing.

      5.     This plea agreement expires on or before April 15, 2013.

      6.     The defendant agrees that, while not pleading guilty to the charges in the original indictment, the conduct which serves as the basis for the indictment did occur and he is responsible for it. Pursuant to U.S.S.G. § 1B1.2(c), the parties stipulate that the commission of these additional offenses shall be treated as if the defendant had been convicted of additional counts charging those offenses.

      7.     The defendant understands that restitution in this case is governed by 18 U.S.C. § 2259. In addition to the mandatory restitution required by § 2259, the defendant agrees to pay restitution for all losses relating to the offenses of conviction, the stipulated offenses, and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction. The exact restitution figure will be agreed upon by the parties prior to sentencing or, if the parties are unable to agree upon a

April 12, 2013
Page 3

specific figure, restitution will be determined by the Court at sentencing. The defendant further agrees that the full amount of restitution is due and payable immediately. The defendant acknowledges that immediate payment means payment in good faith (see *McGhee v. Clark*, 166 F.3d 884 (7th Cir. 1999)) from the liquidation of all non-exempt assets (see 18 U.S.C. § 3613(a)), beginning immediately.

       8.    The defendant agrees to complete the enclosed financial statement and return it to this office within one week of the guilty plea hearing. The defendant also agrees that the probation office may disclose to the United States the net worth and cash flow statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

       9.    The defendant agrees to consent to the order of forfeiture for the property listed in the indictment and waives the requirement of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

      10.    The defendant agrees that he is the sole owner of all the property listed in the indictment, and agrees to hold the United States, its agents, and employees harmless from any claims in connection with the seizure or forfeiture of property covered by this agreement.

      11.    The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States, the State of Wisconsin, or its subdivisions.

      12.    The defendant agrees to take all steps requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as property used to facilitate illegal conduct.

April 12, 2013
Page 4

13. The defendant agrees not to file a claim to any property in any civil, administrative or judicial proceeding, which has already been initiated or which may be initiated in the future, on any item seized by the Wisconsin Division of Criminal Investigation on June 1, 2011. The defendant agrees to waive all time limits and his right to notice of any forfeiture proceeding involving this property. The defendant further agrees not to file a claim or assist others in filing a claim or attempting to establish an interest in any forfeiture proceeding.

14. In the event any federal, state, or local law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest he has in the property and consents to the destruction or any other disposition of the property by the federal, state, or local agency without further notice or obligation owing to the defendant.

15. In the event of an appeal by either party, the United States reserves the right to make arguments in support of or in opposition to the sentence imposed by the Court.

16. The defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States.

17. If your understanding of our agreement conforms with mine as set out above, would you and the defendant please sign this letter and return it to me. By his signature below, the defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence which will be imposed. The defendant also acknowledges his understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the maximum penalties set out above.

18. By your signatures below, you and the defendant also acknowledge that this is the only plea agreement in this case and that the prior plea offers dated October 31, 2012, and March 14, 2013, have been rescinded.

19. All plea agreements must be approved by the United States Attorney or his designee. This plea proposal has not yet been approved. Consequently, I have not signed this proposed plea agreement and the final acceptance is conditioned upon

April 12, 2013
Page 5

supervisory approval. If you have any questions or need any additional information, please feel free to contact me.

Very truly yours,

JOHN W. VAUDREUIL
United States Attorney

4/22/13
Date

By: ELIZABETH ALTMAN
ELIZABETH ALTMAN
Assistant United States Attorney

GREGORY N. DUTCH
Attorney for the Defendant

4-15-13
Date

THOMAS VALLEY
Defendant

4-15-13
Date

EA/sam

Enclosure