UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

* * * * * * * * * * * * * * * * * * * * * * * * * *

UNITED STATES OF WISCONSIN,

     Plaintiff,

  -vs-                      Case No. 11-CR-133-BBC

THOMAS VALLEY,             Madison, Wisconsin
                           April 23, 2013
     Defendant.        1:35 p.m.

* * * * * * * * * * * * * * * * * * * * * * * * * *

STENOGRAPHIC TRANSCRIPT OF PLEA HEARING
HELD BEFORE DISTRICT JUDGE BARBARA B. CRABB,

APPEARANCES:

For the Plaintiff:  Office of the United States Attorney
                  BY:  ELIZABETH ALTMAN
                  Assistant United States Attorney
                  660 West Washington Avenue
                  City Station, Ste. 303
                  Madison, Wisconsin  53703

For the Defendant:  Law Office of Greg Dutch
                  BY:  GREGORY DUTCH
                  119 MLK King Jr. Blvd., Ste 202
                  Madison, Wisconsin  53703

                  Nicholson & Gansner, S.C.
                  BY:  NATHAN OTIS
                  14 W. Mifflin Street, Ste. 103
                  Madison, Wisconsin  53703

Also appearing:  Thomas Valley, defendant
                  Rhonda Frank-Loron, U.S. Probation

                  Officer

Lynette Swenson   RMR, CRR, CBC
Federal Court Reporter
U.S. District Court   120 N. Henry St., Rm. 520
Madison, WI  53703   (608) 255-3821

1      (Call to order)

2           THE CLERK:  Case Number 11-CR-133.  *The United*

3 *States of America v. Thomas R. Valley* called for a plea

4 hearing.  May we have the appearances, please.

5           MS. ALTMAN:  Good afternoon, Your Honor.  The

6 United States appears by Elizabeth Altman.

7           THE COURT:  Thank you.

8           MR. DUTCH:  Good afternoon, Your Honor.

9 Mr. Valley is present in court.  I also have Mr. Nathan

10 Otis, who is assisting me in this case present in court.

11           THE COURT:  O-t-i-s?

12           MR. OTIS:  Yes, Your Honor.

13           THE COURT:  Okay.  All right.  Mr. Valley, I'm

14 going to ask you some questions that have to be answered

15 under oath.  Would you stand and raise your right hand

16 to take the oath.

17           **THOMAS VALLEY, DEFENDANT, SWORN,**

18           THE COURT:  Mr. Valley, I have to tell you that

19 if the government were to prosecute you for perjury or

20 false statements, it would have the right to use against

21 you any of the statements you give under oath today.  Do

22 you understand that?

23           THE DEFENDANT:  Yes.

24           THE COURT:  And for the record, how old are

25 you?

1                THE DEFENDANT:  28.

2                THE COURT:  How much formal education have you

3   had?

4                THE DEFENDANT:  Up to 11th grade.

5                THE COURT:  Through 11th grade or to 11th

6   grade?

7                THE DEFENDANT:  Through.  Sorry.

8                THE COURT:  Okay.  Is there any reason why you

9   might not be able to understand what's being said to you

10  today such as being ill, being on medication, being very

11  tired or being under the influence of any drugs or

12  alcohol?

13               THE DEFENDANT:  None.

14               THE COURT:  And Mr. Dutch, have you and

15  Mr. Valley received a copy of the Information in this

16  case?

17               MR. DUTCH:  We have, Your Honor.  You took your

18  medication today; correct?

19               THE DEFENDANT:  Yes.

20               MR. DUTCH:  So he is on medication.

21               THE COURT:  Okay.  But it's not interfering

22  with your ability to understand?

23               THE DEFENDANT:  No.

24               THE COURT:  Okay.

25               THE DEFENDANT:  I'm completely and totally able

1    to understand.

2            THE COURT:  Back to the other question.

3    Mr. Dutch, have you received a copy of the Information?

4            MR. DUTCH:  Yes.  We do have a copy of the

5    Information.

6            THE COURT:  Do you wish to have it read aloud?

7            MR. DUTCH:  No, we would waive reading of the

8    Information.

9            THE COURT:  Then Ms. Altman, if you would state

10   the maximum penalties to which Mr. Valley could be

11   subject if he's found guilty.

12           MS. ALTMAN:  Yes, Your Honor.  There are two

13   substantive charges in the Information.  Each carries a

14   mandatory minimum penalty of five years in prison,

15   maximum penalties of 20 years in prison; a $250,000

16   fine; a lifetime period of supervised release; a $100

17   special assessment, and the entry of an appropriate

18   restitution order.

19           THE COURT:  Do you have any idea at this point

20   what the restitution amount might be?

21           MS. ALTMAN:  I don't, Your Honor.

22           THE COURT:  Mr. Valley, because the charges

23   against you carry penalties in excess of a year, you

24   have a right under the United States Constitution not to

25   be prosecuted in the absence of an Indictment returned

1  by the grand jury.  The authors of our Bill of Rights

2  believe that no one should be prosecuted for a felony

3  unless a grand jury had determined there was probable

4  cause to believe the person had committed the crime.

5      The grand jury is made up of 23 persons.  Their

6  names are drawn at random from the voting lists of this

7  judicial district.  The grand jury meets approximately

8  every three weeks here in Madison.  Sixteen of the grand

9  jurors must be present in order to conduct business and

10  at least 12 of them must find probable cause to believe

11  a person guilty in order to return an Indictment.  If at

12  least 12 do not agree that the government has

13  established probable cause of guilt, the grand jury

14  cannot return an Indictment and the government cannot

15  prosecute the person.

16      The grand jury meets in secret.  The United States

17  Attorney or one of his assistants presents a case to the

18  grand jury and will call witnesses before the grand

19  jury.  A court reporter is present and an interpreter,

20  if necessary, but no one else can be in the room.  When

21  the grand jury votes, even the United States Attorney,

22  the court reporter, and any interpreter are all barred

23  from the room.

24      Do you understand that if you proceed on this

25  Information, you are giving up a right guaranteed by the

1    United States Constitution to be proceeded against only

2    by Indictment?

3              THE DEFENDANT:  Yes.

4              THE COURT:  And I have a waiver that you have

5    signed; is that correct?

6              THE DEFENDANT:  Yes.

7              THE COURT:  All right.  And I'll sign it as of

8    today's date also.  The record should show that you have

9    executed a written waiver of your right to be proceeded

10   against only by an Indictment returned by the grand

11   jury.

12        Then Mr. Dutch, do you know any reason why I should

13   not ask Mr. Valley what his plea is to the charges in

14   the Information?

15             MR. DUTCH:  No, Judge.

16             THE COURT:  Mr. Valley, what is your plea to

17   Count 1 of the Information?

18             THE DEFENDANT:  Guilty.

19             THE COURT:  What is your plea to Count 2?

20             THE DEFENDANT:  Guilty.

21             THE COURT:  Mr. Dutch, have you had a chance to

22   talk with Mr. Valley about possible defenses he may have

23   to this charge and about the consequences of a plea of

24   guilty?

25             MR. DUTCH:  Yes, Judge.

1          THE COURT:  And Mr. Valley, do you think you've

2    had enough time to talk with Mr. Dutch about these

3    matters?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Have you talked with him about the

6    sentencing guidelines and how those could affect your

7    sentence?

8          THE DEFENDANT:  Yes, he has.

9          THE COURT:  And would you tell me in your own

10   words what the government is charging you are doing?

11   First in Count 1.

12         THE DEFENDANT:  Count 1 would be a photo of a

13   person naked under the age of 18.

14         THE COURT:  And the government says that that

15   occurred some time between December 1st, 2010 and on or

16   about January 11th, 2011?

17         THE DEFENDANT:  Yes.

18         THE COURT:  And the government says that you

19   knowingly received that picture; that is, it wasn't a

20   mistake or an accident or a surprise to you.  You

21   knowingly received it.

22         THE DEFENDANT:  Yes.

23         THE COURT:  And you received it using a

24   facility of interstate commerce.

25         THE DEFENDANT:  Yes.

1          THE COURT:  And I assume by that that means a

2     cell phone or computer.

3          THE DEFENDANT:  Yes.

4          THE COURT:  And that the visual depiction was a

5     minor engaging in sexually explicit conduct.

6          THE DEFENDANT:  Yes.

7          THE COURT:  And what the government says is

8     specifically you received a text message via cellular

9     telephone of a visual depiction of the lascivious

10    exhibition of the genitals and pubic area of Minor B.

11         THE DEFENDANT:  Yes.

12         THE COURT:  And that for the purpose of this

13    Information, that visual depiction has been identified

14    as 121210205550.jpg.

15         THE DEFENDANT:  Yes.

16         THE COURT:  And then for Count 2, what do you

17    understand about that charge?

18         THE DEFENDANT:  It was the exact same as the

19    first charge.  It's a nude photo of a person under 18.

20         THE COURT:  And you know this was on or about

21    February 27th, 2011?

22         THE DEFENDANT:  Yes.

23         THE COURT:  And it was in the Western District

24    of Wisconsin.

25         THE DEFENDANT:  Yes.

1          THE COURT:  And again, the government says you

2     knowingly received a visual depiction --

3          THE DEFENDANT:  Yes.

4          THE COURT:  -- using your cell phone; facility

5     of interstate commerce.

6          THE DEFENDANT:  Yes.

7          THE COURT:  And again, the depiction was a

8     minor engaging in sexually explicit conduct.

9          THE DEFENDANT:  Yes.

10          THE COURT:  And it was a visual depiction of

11     the lascivious exhibition of the genitals and pubic area

12     of Minor C, and that depiction is identified as

13     YA01_001.jpg.

14          THE DEFENDANT:  Yep.

15          THE COURT:  Do you understand that if I accept

16     your plea and adjudge you guilty, you could be subject

17     to penalties up to and including the maximum that

18     Ms. Altman went over and that is a maximum term of 20

19     years, a mandatory minimum term of five years; a fine of

20     as much as $250,000; a criminal assessment penalty of

21     $100; supervised release of a lifetime, and restitution

22     if it is determined that any is applicable, and you

23     could be subject to additional time in custody if you

24     violated the terms of your supervised release and were

25     sent back to prison and you could be subject to

1 deportation if you're not a citizen?

2        THE DEFENDANT:  Yes.

3        THE COURT:  Do you understand that when I

4 sentence you, I can give you any sentence not exceeding

5 the statutory maximum but that I will take into

6 consideration the sentencing guidelines when I'm

7 deciding what sentence to impose on you.  The probation

8 office will calculate the guidelines starting with the

9 number of points attributable to these offenses; the

10 fact that you have accepted responsibility by pleading

11 guilty, assuming there's no reason to deny you this

12 credit; your role in the offense; your prior criminal

13 record, and any other factor that's relevant.

14     After calculating your guideline range, the

15 probation officer will make a recommendation to the

16 court.  Mr. Dutch and Ms. Altman will each have an

17 opportunity to object to the recommendation.  I'll rule

18 on any objections and determine the applicable guideline

19 range.  I'm not required to sentence you within the

20 guideline range.  I can give you a higher sentence or a

21 lower one if I believe that such a sentence would better

22 carry out the purposes of sentencing.

23     Do you understand that?

24        THE DEFENDANT:  Yes.

25        THE COURT:  Do you understand that by pleading

11

1   guilty, you're giving up your right to trial?

2         THE DEFENDANT:  Yes.

3         THE COURT:  Do you understand that you have the

4   right to continue to plead not guilty?

5         THE DEFENDANT:  I do.

6         THE COURT:  Do you understand that if you had

7   continued to plead not guilty, you would be entitled to

8   a trial by jury and there would be 12 who would serve on

9   the jury and you could help choose the 12 from those who

10  came in for jury selection?

11        THE DEFENDANT:  Yes.

12        THE COURT:  Do you understand that all 12

13  jurors would have to agree unanimously before --

14        THE DEFENDANT:  Yes.

15        THE COURT:  -- they could find you guilty?

16        THE DEFENDANT:  I do.

17        THE COURT:  Do you understand that throughout a

18  trial you would be presumed to be innocent and the

19  government would have the burden of proving beyond a

20  reasonable doubt that you committed these offenses?

21        THE DEFENDANT:  Yes.

22        THE COURT:  Do you understand that at a trial,

23  you would have the right to confront the witnesses

24  against you and cross-examine them through Mr. Dutch;

25  you would have the right to testify in your own behalf

1    if you chose to, but you could not be required to

2    testify; you would have the opportunity to present

3    testimony and other evidence in your defense, and you

4    could require witnesses to come to court to testify on

5    your behalf?

6             THE DEFENDANT:  I do.

7             THE COURT:  Do you understand that you have a

8    right to court-appointed counsel at government expense

9    through all stages of this proceeding?

10            THE DEFENDANT:  Yep.

11            THE COURT:  And Mr. Dutch is serving as

12   court-appointed counsel; correct?

13            THE DEFENDANT:  Um-hmm.

14            MR. DUTCH:  Yes.

15            THE DEFENDANT:  Yes.

16            THE COURT:  Do you understand that under the

17   Constitution of the United States, no one can be forced

18   to admit that he or she has committed a crime?

19            THE DEFENDANT:  I know.

20            THE COURT:  Do you understand that when you

21   plead guilty, you're giving up this right against

22   self-incrimination?

23            THE DEFENDANT:  I do.

24            THE COURT:  And Ms. Altman, would you state for

25   the record the terms of the agreement you've reached

1  with the defense.

2          MS. ALTMAN:  Yes, Your Honor.  This is a

3  conditional plea.  The defendant has filed a motion --

4  two motions to suppress in this case.  As of this date,

5  briefing has not yet been completed and we have not yet

6  received a report and recommendation or a final ruling.

7          If the Court ultimately denies the motions, subject

8  to the Court's consent, the United States consents to

9  the defendant pleading guilty conditionally, reserving

10  the right to have the Court of Appeals reverse an

11  adverse determination of his motion.  If the Court

12  ultimately grants the defendant's motion, the United

13  States agrees that he may then withdraw his plea.

14          The United States agrees that this guilty plea will

15  completely resolve all possible federal criminal

16  violations that have occurred in the Western District of

17  Wisconsin.  This is provided that the criminal conduct

18  relates to the conduct described in the Indictment, and

19  while the plea letter does not say it, also the

20  Information, and that the criminal conduct was known to

21  the United States as the date of this plea agreement.

22          The defendant understands that the United States

23  will make its full file available to the probation

24  office for its use in preparing the presentence report.

25  The United States agrees to move to dismiss the

1   Indictment at the time of sentencing.

2        This plea agreement expired on or before April 15

3   of 2013.  The defendant did sign it prior to that date I

4   believe.

5        The defendant agrees that while not pleading guilty

6   to the charges in the original Indictment, the conduct

7   which serves as the basis for the Indictment did occur

8   and he is responsible for it.  The parties stipulate

9   that the commission of the additional offenses shall be

10  treated as if the defendant had been convicted of the

11  additional charges.

12       The defendant understands that he may be ordered to

13  pay restitution in this case.  The figure will either be

14  agreed upon prior to the parties at sentencing or we

15  will ask the Court to determine restitution if the

16  parties cannot agree.

17       The defendant agrees to complete a financial

18  statement and return it to my office within one week of

19  the guilty plea hearing.  He agrees that the probation

20  office may disclose to the United States the net worth

21  and cash flow statements he completes in the preparation

22  of the presentence report.

23       Paragraphs 9, 10, 11, 12, 13 and 14 deal with the

24  forfeiture of the assets listed in the Information.

25  Essentially the defendant agrees that he is the sole

1  owner of the property and he knowingly and voluntarily

2  waives his right to a jury trial on the forfeiture of

3  the assets.  He also knowingly and voluntarily waives

4  all constitutional, legal and equitable defenses to the

5  forfeiture of the assets in any proceeding.

6      In the event of an appeal by either party, the

7  United States reserves the right to make arguments in

8  support of or in opposition to the sentence imposed by

9  this Court.  The defendant understands that sentencing

10  discussions are not part of the plea agreement and that

11  he should not rely upon the possibly of any sentence

12  based upon discussions between his counsel and the

13  United States.

14      By his signature on this plea agreement, he

15  acknowledges that the United States has made no promises

16  or guarantees regarding the sentence and he also

17  acknowledges his understanding that the Court can impose

18  any sentence up to and including the maximum penalties

19  set forth in paragraph 1 of this plea letter.

20      He acknowledges also by his signature that this is

21  the only plea letter in the case at this point and the

22  prior plea letters have been rescinded.  With regard to

23  paragraph 19 since this plea letter was sent out, it has

24  received approval by the United States Attorney.

25         THE COURT:  Thank you.  Mr. Dutch, is that your

1   understanding of the agreement?

2          MR. DUTCH:  Yes, Judge.

3          THE COURT:  And Mr. Valley, is it your

4   understanding?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Did anyone force you or threaten

7   you to plead guilty?

8          THE DEFENDANT:  No.

9          THE COURT:  Did anyone make you any other

10  promises of any kind to get you to plead guilty?

11         THE DEFENDANT:  No.

12         THE COURT:  Did anyone tell you that you're

13  going to get a particular sentence?

14         THE DEFENDANT:  No.

15         THE COURT:  Do you have any reason to think

16  you're going to get a particular sentence?

17         THE DEFENDANT:  No.

18         THE COURT:  Do you understand that you're not

19  free to withdraw your plea of guilty even if I do not

20  accept the government's recommendations?

21         THE DEFENDANT:  I do.

22         THE COURT:  And Ms. Altman, what would you have

23  been prepared to prove had this case gone to trial?

24         MS. ALTMAN:  Your Honor, had this case gone to

25  trial there would have been testimony that a search

1   warrant was executed at the defendant's home in Madison,

2   Wisconsin on June 1st of 2011.  Numerous computers, hard

3   drives, phones, and media were seized and analyzed.

4       The testimony would show some time between December

5   1st of 2010 and January 11th of 2011, the defendant

6   received a picture on his cellular phone via text

7   message.  The picture depicted an identified minor,

8   Minor B, who was born in August of 1994.  The picture

9   showed Minor B with her legs spread and a closeup of her

10  vagina.  Minor B had a maroon and white piece of

11  clothing around her waist.  Her breasts were also

12  visible.

13      Minor B was interviewed and said she sent the

14  picture to the defendant's cell phone via text message.

15  The image was also found in a folder on the defendant's

16  hard drive that was titled with Minor B's name followed

17  by 16 YO, as in years old.

18      There would have also been testimony that on

19  February 27th of 2011, the defendant received a picture

20  of Minor C, an identified minor born in 1995, on his

21  cell phone.  The picture showed a closeup of Minor C's

22  vagina.  Minor C was interviewed and said that she sent

23  the picture to the defendant's cell phone via text

24  message.  This image was also found in a folder on the

25  defendant's hard drive that was entitled with Minor C's

1  name followed by 15 YO.

2      The defendant was interviewed on June 1st of 2011

3  following the execution of the search warrant.  In that

4  interview he admitted receiving what he called

5  pornographic pictures from high school girls.

6      There would have been evidence that Minors B and C

7  lived in the Western District of Wisconsin and sent the

8  photos from their homes.  And also Madison, Wisconsin is

9  in the Western District of Wisconsin.

10          THE COURT:  Is that your understanding of the

11  agreement -- of what Ms. Altman would be able to prove

12  if the case went to trial?

13          MR. DUTCH:  Yes, it is, Judge.

14          THE COURT:  And Mr. Valley, from what you know

15  about the case, do you think there's anything that

16  Ms. Altman has gone over that she could not prove at

17  trial?

18          THE DEFENDANT:  No.

19          THE COURT:  Would you tell me in your own words

20  what you did in connection with Count 1 and Count 2.

21          THE DEFENDANT:  I had texted both females and

22  received photos from them.

23          THE COURT:  So you received the depiction.

24          THE DEFENDANT:  Yes.

25          THE COURT:  And you knew that you were going to

1    receive it.

2              THE DEFENDANT:  Yes.

3              THE COURT:  And it was a depiction of

4    lascivious exhibition of the genitals and pubic area of

5    Minor B as far as Count 1 was concerned?

6              THE DEFENDANT:  Yes.

7              THE COURT:  And that was on or about -- that

8    was some time between December 1st, 2010 and January

9    11th of 2011.  And then as far as Count 2 is concerned,

10   that is alleged to have happened, and you agree that it

11   happened, on or about February 27th, 2011?

12             THE DEFENDANT:  Yes.

13             THE COURT:  In the Western District of

14   Wisconsin.  And again, you received this visual

15   depiction knowingly --

16             THE DEFENDANT:  Yes.

17             THE COURT:  -- by cell phone.  And the

18   depiction was of the lascivious exhibition of the

19   genitals and pubic area of Minor C.

20             THE DEFENDANT:  Yes.

21             THE COURT:  Then Mr. Valley, on the basis of

22   this discussion with you and your attorney and upon the

23   basis of the entire record in the case, I find and

24   conclude that you have entered a plea of guilty

25   knowingly, understandingly and voluntarily after an

1   adequate opportunity to consult with your attorney, with

2   an understanding of the nature of the charge and with an

3   understanding of the consequences of a plea of guilty.

4        I'm satisfied there is a factual basis for the

5   plea.  Accordingly, I find and adjudge you guilty of the

6   two charges contained in the Information, Count 1 and

7   Count 2.

8        I accept the plea agreement conditionally pending

9   review of the presentence report.  That report is to be

10  filed no later than May 28th.  And if you want the full

11  35 days, Mr. Dutch, we're looking at July 16th.  If you

12  want an earlier sentencing date, it could be as early as

13  June 20.

14           MR. DUTCH:  No.  We would like the full amount,

15  Judge, and so July 16th would be fine.

16           THE COURT:  All right.  And your objections

17  will be due July 1st.  Does that work for you,

18  Ms. Altman?

19           MS. ALTMAN:  It does, Your Honor.  But I missed

20  the time on the 16th.

21           THE COURT:  Pardon me?

22           MS. ALTMAN:  I'm sorry, I missed the time on

23  the 16th.

24           THE COURT:  I didn't say it.  That's why you

25  missed it.  One o'clock.

1          MS. ALTMAN:  Thank you.

2          MR. DUTCH:  Thank you, Judge.

3          THE COURT:  Anything else at this time?

4          MR. DUTCH:  No, Judge.

5          MS. ALTMAN:  No, Judge.

6          THE COURT:  All right.  Court will adjourn.

7       (Proceedings concluded at 1:55 p.m.)


9                         *  *  *  *  *

10      I, LYNETTE SWENSON, Certified Realtime and Merit
Reporter in and for the State of Wisconsin, certify that
11   the foregoing is a true and accurate record of the
proceedings held on the 23rd day of April 2013 before
12   the Honorable Barbara B. Crabb, District Judge for the
Western District of Wisconsin, in my presence and
13   reduced to writing in accordance with my stenographic
notes made at said time and place.
14   Dated this 5th day of September 2013.

15

16

17                    /s/_____

18                       Lynette Swenson, RMR, CRR, CBC
                            Federal Court Reporter

19

20

21   The foregoing certification of this transcript does not
apply to any reproduction of the same by any means
22   unless under the direct control and/or direction of the
certifying reporter.

23

24

25