UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF WISCONSIN
ATTACHMENT - ONE
TITLE 28 U.S.C. § 2255

USA VS. VALLEY. CASE NO. 11-CR-133-BBC.                                    PAGE: 14

1.)   CONTINUED FROM PG:5, GROUND-1....
(d)  Petitioner's counsel deceived and allowed Petitioner to plead guilty to knowingly receiving child pornography [i.e., 18:2252(a)(2)], receiving 40-years, when Petitioner's understanding was to plead guilty to unknowingl receiving child pornography but retaining said [i.e., 18:2252(a)(4)(B)], receiving 5-20 years with no priors, and thus, subjecting Petitioner to cruel and unusual punishment and infringement of Petitioner's due process guarantees.
(e)  Petitioner's counsel failed to challenge the validity of the search warrant Affidavit / Application on the grounds that (i) probable cause did not exist to obtain a warrant, (ii) officers misrepresented the veracity of the evidence,1 (iii) officer committed perjury regarding his knowledge of expert's position, being an officer, when not*2
(f)  Petitioner's counsel failed to challenge the lack of jurisdiction and authority of the Court commissioned issuing outer county / outer state subpoenas for cellular and internet company information (i.e., AT&T, T-Mobile, Facebook, and MyYearbook, all out of State companies)*3
(g)  Petitioner's counsel failed to challenge Miranda violations based upon suspect liability probable cause, i.e., the warrant was not for Petitioner*4
    These issues were infractions of Petitioner's 4th, 5th, 6th, and 14th Amendment rights, abandoned by trial counsel.

2.)   CONTINUED FROM PG:8, GROUND-3....
-cont- and Privacy Rights, in support of Counsel's "stale" warrant argument.
(b)  Counsel failed to challenge the 8th Amendment violation of cruel and unusual punishment as identified at Ground Two (a) and (b) above, in addition to his unreasonable sentence Appellate Argument [Opening Brief @ Pg:22]
(c)  Counsel failed to raise all other issues on appeal, as identified in Ground One, et seq.

---

FOOT NOTES***
*1:(a)   Special Agent DeRemer avered at affidavit that Agent Vandeberg provided evidence to an Eau Claire County WI, Circuit Judge on 11/23/2010 whom issues a subpoena to AT&T Internet Service Provider relating to purported illicit evidence at subject address, ad hoc, when it was Dane County, Maddison, WI., Court Commissioner Patricia Crowe, (i.e., AT&T, Bates No. X269; T.Mobile, Bates No. 284; My Year book (MYB) Legal Team, Bates No. X313 and Face Book, Inc., Bates No. X332, all issues on July 20, 2011.)
1:(b)   These Subpoenas were requested by P. AHyRush (Bates No's: X322; X281; X266; and X330) and supported by Affidavit of SA Jesse Crowe (Bates No. 277) who misrepresented the evidence by saying Victim LBD and AMM were asked by Petitioner to take nude photos of themselves, when not. (Bates No. 278-279) which lead to the instane conviction(s).

*2:   Agent Christopher DeRemer avered at affidavit that SA Vern Vandeberg is a certified Wisconsin Police Officer since 1984, and is a SA with the WI Div. Of Criminal Investigations. [@p:4/ App-14], when the Eau Claire County Police Department shows no Employment........ (Continued on Attachment-2, Page:15....)