IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | OPINION AND ORDER |
| Plaintiff, | |
| | 11-cr-133-bbc |
| v. | |
| THOMAS VALLEY, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Thomas Valley has filed a pro se motion for compassionate release under the First Step Act of 2018. To prevail, defendant must first meet the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) and show "extraordinary and compelling" reasons for his release. The court must consider the applicable sentencing factors in § 3553(a) and whether any reduction is consistent with applicable policy statements issued by the Sentencing Commission. Id. Among other things, the relevant policy statement, U.S.S.G. § 1B1.13, provides that the court make a finding that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Although defendant has met the exhaustion requirement, he has not shown extraordinary and compelling reasons justifying his release or that he would not pose a serious danger to other persons, which means that his motion must be denied.

1

BACKGROUND

As the government explains in its brief in opposition to defendant's motion, for about six months, from December 2010 to May 2011, defendant Thomas Valley pursued underage girls on social media sites. (He was 26 years old at the time.) He encouraged the girls to take sexually explicit pictures of themselves and send the pictures to him. Some of defendant's victims wanted to meet him, thinking that he was a teenager, as he made himself out to be online.

Defendant sometimes made particular requests of the girls, asking them to send him particular images, such as those of their vaginas or buttocks. Using names other than his own, he might induce a girl to meet him somewhere, such as a local festival, and then show up with the story that the person the girl expected to meet was not able to come, so he was simply filling in for that person. He also instructed one of the girls to write a letter to him that would seem to have been written by her father, supposedly admitting to be the source of the computer images.

The grand jury indicted defendant in December 2011, alleging that he had violated 18 U.S.C. § 2252(a)(2), relating to the visual depiction of minors engaged in sexually explicit conduct. At defendant's request, his attorney asked the court to arrange a competency examination of defendant. The examination resulted in a finding of competency, with the evaluator concluding that defendant engaged in "a repetitive pattern of fantastical lying," and ruling out the possibility that defendant was confused or mentally ill. Dkt. #75 at 13.

In April 2013, the government filed an information, charging defendant with two

counts of receiving child pornography from minors. His total offense level was determined to be 42; his total offense was I; and his advisory guidelines were 360 months to life, with a statutory maximum term of imprisonment of 40 years. Defendant was sentenced to a term of 40 years in prison.

OPINION

In his motion, defendant says that he has good reasons for a prompt release from the danger of the coronavirus: his age (36), acute sinusitis, hypertension and asthma. (It is not clear whether he has any asthma problem; he was checked for it in August 2020 and no current asthma was detected at that time. Dkt. #123, p. 4.) As the government notes, neither defendant's age nor his confirmed medical conditions place him at an increased risk for severe illness from the virus that causes COVID-19. See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (visited Jan. 11, 2021).

In addition, defendant tested positive for COVID-19 in late July 2020 and was quarantined for 10 days, during which he displayed none of the significant problems that COVID-19 is known for, such as breathing difficulty, coughing, loss of taste or smell, fatigue, headaches, etc. Dkt. #123, pp. 4-43. Although it has not been established that contracting and recovering from the coronavirus means one is protected from it in the future, the possibility that it will return is strictly hypothetical at this time. It is not a compelling reason for granting compassionate release. See United States v. Billings, 2020 WL 470285,

at *5 (D. Colo. Aug. 13, 2020) (theoretical risk of reinfection does not present compelling reason); United States v. Shahbazpour, 2020 WL 3791533, at *2 (N.D. Cal. July 7, 2020) (relief denied because "there is no evidence-based consensus [regarding the risk of reinfection] among medical professionals"); United States v. Molley, 2020 3498482, at *3 (W.D. Wash. June 29, 2020) (scientific uncertainty regarding risk of reinfection "cuts against compassionate release").

Moreover, after considering all the factors in the policy statement in USSG § 1B1.13 and the sentencing factors in 18 U.S.C. § 3553(a), I am not persuaded that defendant's circumstances warrant a reduction in his sentence. There remains the serious question about the risk that defendant presents to other persons, particularly to young girls. Not only is there a history of defendant's extensive efforts to induce young girls to send him pictures of themselves in the nude, or to engage in sexual activity with him, or both, but there is the discouraging report from the mental examination revealing defendant's "repetitive pattern of fantastical lying."

In short, defendant has not shown extraordinary and compelling reasons justifying his release under § 3825(c)(1)(A) or that he would not pose a serious danger to other persons, specifically, young girls, if he were to be released at this time. Accordingly, his motion for compassionate release will be denied.

ORDER

IT IS ORDERED that defendant Thomas Valley's motion for compassionate release, dkt. #120, is DENIED.

Entered this 19th day of January, 2021.

BY THE COURT:
 /s/

_____
BARBARA B. CRABB
District Judge